IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION,

        Applicant,

  v.

ASCENSION BORGESS HOSPITAL,

        Respondent.

_____/

MISC. ACTION NO.

Honorable

**APPLICATION FOR AN ORDER TO SHOW CAUSE WHY
AN ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

1. This is an action for enforcement of a subpoena issued pursuant to Section 710 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-9.

2. Jurisdiction is conferred upon the court by Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), and by Section 11 of the National Labor Relations Act, 29 U.S.C. § 161, as amended, incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9.

3. Applicant, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the federal agency charged with the administration, interpretation, and enforcement of Title VII, including the investigation of charges

of unlawful employment practices, and is authorized to bring this action pursuant to Section 710 of Title VII, 42 U.S.C. § 2000e-9.

4. The Respondent is an employer doing business in the State of Michigan with a facility located at 1521 Gull Road, Kalamazoo, MI 49048.

5. On July 2, 2024, pursuant to its authority under 29 U.S.C. § 161 (incorporated in Section 710 of Title VII, 42 U.S.C. § 2000e-9), the EEOC issued to the Respondent Subpoena No. DT-24-24, which was duly served on the Respondent. Respondent received the subpoena on July 3, 2024.

6. Subpoena No. DT-24-24 required the Respondent to produce information needed as part of the EEOC's investigation of a charge of race, religious and sex/pregnancy discrimination, Charge No. 471-2023-00674.

7. Prior to the issuance of the subpoena, Respondent's only response to the charge consisted of five requests for extension of time to file a response.

8. The Subpoena set a deadline for response of July 31, 2024.

9. Despite extensions, the Respondent did not respond to the Subpoena until after being contacted by EEOC counsel on October 23, 2024.

10. On October 30 and November 1, 2024, Respondent provided an incomplete response to the subpoena. but stated that the list of comparator co-workers "will be provided" without saying when the Commission would receive the list.

11.  Respondent's failure to fully comply with the Subpoena has delayed and hampered the EEOC's investigation.

12.  The accompanying Declaration of Ramiro Gutierrez, Field Director of the Detroit Field Office, filed concurrently herewith, and the attachments thereto, provide the factual support for this Application. The Declaration and the attachments are incorporated by reference into this Application.

WHEREFORE, the Equal Employment Opportunity Commission prays:

a)  That the Court issue an Order directing the Respondent to appear and show cause, if there be any, why an Order directing the Respondent to fully comply with the subpoena should not be issued;

b)  That, upon return of the Order to Show Cause, the Court issue an Order directing the Respondent to fully comply with the subpoena; and

c)  That the Court grant the Commission its costs and such further relief as may be necessary and appropriate.

>Respectfully Submitted,
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>
>KENNETH BIRD
>Regional Attorney
>
>OMAR WEAVER

        Supervisory Trial Attorney

Dated: November 26, 2024    /s/ Dale Price_____
        DALE PRICE (P55578)
        Trial Attorney
        dale.price@eeoc.gov

        DETROIT FIELD OFFICE
        Patrick V. McNamara Federal Building
        477 Michigan Ave, Room 865
        Detroit, Michigan 48226

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION,

        Applicant,

  v.

ASCENSION BORGESS HOSPITAL,

        Respondent.

_____/

MISC. ACTION NO.

Honorable

**MEMORANDUM IN SUPPORT OF
APPLICATION FOR AN ORDER TO SHOW CAUSE WHY AN
ADMINISTRATIVE SUBPOENA SHOULD NOT BE ENFORCED**

## **TABLE OF CONTENTS**

STATEMENT OF QUESTION PRESENTED ................................................. v

I.   INTRODUCTION AND FACTUAL BACKGROUND ........................... 1

II.  LAW AND ARGUMENT ................................................................... 3

  A. Respondent Has No Valid Defense for Failing to Comply with the EEOC's Subpoena. ................................................................... 3

     1. The subpoena is valid and within the agency's authority. ............. 4

     2. All procedural prerequisites have been fulfilled. ........................... 5

     3. The information sought is relevant. ............................................. 5

  B. Compliance with the Subpoena Does Not Impose an Undue Burden on Respondent. ................................................................... 7

IV.  CONCLUSION ................................................................................ 7

INDEX OF EXHIBITS .............................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780 (7th Cir. 1983) .......................... 4

*EEOC v. C & P Tel. Co.*, 813 F. Supp. 874 (D.D.C. 1993) ............................... 4

*EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426 (9th Cir. 1983) (*en banc*) ....................................................................................................... 4

*EEOC v. Citicorp Diners Club*, 985 F.2d 1036 (10th Cir. 1993) .................... 4

*EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80 (4th Cir. 1995) ............. 3, 4

*EEOC v. Dillon Cos.*, 310 F.3d 1271 (10th Cir. 2002) ................................ 3, 6

*EEOC v. Ford Motor Co.*, 26 F.3d 44 (6th Cir. 1994) ...................................... 7

*EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416 (E.D. Pa. 2001) ...................... 3, 6

*EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920 (11th Cir. 1991) .......................... 3

*EEOC v. Md. Cup Corp.*, 785 F.2d 471 (4th Cir. 1986) ........................... 3, 4, 7

*EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642 (7th Cir. 1995) ........................... 4

*EEOC v. Roadway Express, Inc.*, 261 F.3d 634 (6th Cir. 2001) ..................... 6

*EEOC v. Shell Oil Co.*, 466 U.S. 54 (1984) ......................................... 3, 4, 5, 6

*EEOC v. United Air Lines, Inc.*, 287 F.3d 643 (7th Cir. 2002) .............. 3, 4, 6

*EEOC v. Univ. of Pittsburgh*, 643 F.2d 983 (3rd Cir. 1981) .......................... 6

*Univ. of Pa. v. EEOC*, 493 U.S. 182 (1990) ............................................... 4, 6

**STATUTES**

29 U.S.C. § 161 ................................................................................................ 5

42 U.S.C. § 2000e-5(b) .................................................................................... 4

42 U.S.C. § 2000e-8(a) ............................................................................... 5, 6

42 U.S.C. § 2000e-9 ...................................................................................... 5

**RULES AND REGULATIONS**

29 C.F.R. § 1601.12 ....................................................................................... 5

29 C.F.R. § 1601.16(a) .................................................................................. 5

## **STATEMENT OF QUESTION PRESENTED**

1. Should this Court compel Respondent to fully comply with the subpoena by providing comparator information regarding the Charging Party's co-workers, all of which are relevant to the investigation of the charge of discrimination against Respondent?

    The Commission answers:   Yes.

## I. INTRODUCTION AND FACTUAL BACKGROUND

This case is before the Court on the application of the Equal Employment Opportunity Commission (the "EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced. On February 9, 2023, the EEOC's Detroit Field Office received a timely-filed charge of discrimination under Title VII by a female employee, alleging that she was discriminated against on the basis of race, religion, and sex/pregnancy by her employer. Ex. A. From October 16, 2023, to January 9, 2024, Respondent sought five extensions of time to respond to the allegations of the charge. Ex. B, Respondent's Extension Requests. No position statement was received by the Commission prior to November 1, 2024.

Faced with the Respondent's refusal to respond, on April 4, 2024, the EEOC issued a request for information. Ex. C. After Respondent failed to respond yet again, on July 2, 2024, the Commission issued a subpoena to Respondent, No. DT-24-24, with a compliance due date of July 31, 2024. Ex. D. The subpoena was downloaded by Respondent on July 3, 2024. Ex. E, Activity Log at p. 3.

Relevant here, subpoena demand number 5 requested the following information:

> Provide a complete list of all of the co-workers in the same job category and department as Charging Party for the period of 01 May 2022 to the present. This list should include each individual's name, job title, race, sex, date hired, date discharged (if applicable), reason discharged (if applicable), beginning rate of pay, and most recent rate of pay.

Ex. D at p. 3. Despite Respondent's complete failure to respond, the Commission granted additional extensions of time to comply, until August 22, 2024. Ex. F, EEOC Extension Emails.

On October 23, 2024, EEOC counsel spoke with Respondent's attorney, then summarized, in writing, the Respondent's assurance that a subpoena response would be forthcoming. Ex. G, 10/23/2024 EEOC Email. On October 30 and November 1, 2024, Respondent provided information that was compliant with most of the subpoena's demands. Ex. H, Extract from Subpoena Response. Regarding subpoena demand number 5, however, Respondent did not produce any responsive information. EEOC counsel extended the deadline to provide this missing information to November 14, 2024 (Ex. I), but Respondent still did not comply with subpoena demand number 5 by that deadline. Thus, Respondent has not

2

fully complied with the subpoena, and the Commission seeks an Order to Show Cause why its subpoena should not be enforced in its entirety.

## II.     LAW AND ARGUMENT

The Respondent failed to exhaust its administrative remedies and has therefore forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.

### A.     Respondent Has No Valid Defense for Failing to Comply with the EEOC's Subpoena.

EEOC subpoena enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 420 (E.D. Pa. 2001); also see *EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial").

To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that 1) the subpoena is within the agency's authority; 2) the demand is not indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *United Air Lines*, 287 F.3d at 649; *City of Norfolk Police Dep't*, 45 F.3d at 82; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983).

Once this showing has been made, a court will enforce the subpoena unless the Respondent can prove that the subpoena is unduly burdensome. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475-76 (4th Cir. 1986); *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

1. **The subpoena is valid and within the agency's authority.**

First, Congress has mandated that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). Congress conferred on the Commission broad powers of access to

4

records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). The EEOC is investigating the Charging Party's allegations that the Respondent engaged in race, religion and sex/pregnancy discrimination in violation of Title VII. Such an investigation is within the agency's statutory authority. Thus, the first prong of the test has been satisfied.

### 2.    All procedural prerequisites have been fulfilled.

Second, a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (setting forth the elements of a subpoena).[1] *Also see EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (samsee). The Respondent cannot argue that these basic requirements have not been met.

### 3.    The information sought is relevant.

---

[1] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

5

Finally, the information sought by the subpoena—the identification of comparator employees--is relevant to the issues of discrimination under investigation. The standard of relevance during an EEOC investigation is broader than the comparable standard for litigation. Section 709(a) broadly grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually any material that might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002); *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong." *EEOC v. Guess?, Inc.*, 176 F. Supp. 2d 416, 421 (E.D. Pa. 2001).

It is undeniable that the requested information "might cast light on the allegations against the employer." The Charging Party alleges discrimination on the basis of race, religion, sex/pregnancy. The EEOC seeks comparative employee information, which is foundational to an investigation of a discrimination claim. *See EEOC v. Ford Motor Co.*, 26 F.3d 44, 48 (6th Cir. 1994) (comparative hiring and promotion information on all employees at the facility was relevant to the EEOC's investigation of a charge alleging sex discrimination). Thus, this information is relevant to the investigation and the subpoena should be enforced.

### B. Compliance with the Subpoena Does Not Impose an Undue Burden on Respondent.

It follows that the Court should enforce the subpoena unless the Respondent shows that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). The Respondent does not claim any undue hardship. It merely claims that it will provide the information in the future. The subpoena should be enforced on this basis as well.

### III. CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of

7

discrimination that is within the EEOC's enforcement authority. Further, the Respondent has not established that complying with the subpoena would be unduly burdensome. Indeed, it promises to provide the information—but refuses to state the time period. The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause and, after giving the Respondent an opportunity to be heard, enforce the subpoena.

                                          Respectfully submitted,

                                          EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION

                                          KENNETH BIRD
                                          Regional Attorney

                                          OMAR WEAVER
                                          Supervisory Trial Attorney

Dated: November 22, 2024        /s/ Dale Price_____
                                          DALE PRICE (P55578)
                                          Trial Attorney
                                          dale.price@eeoc.gov

                                          DETROIT FIELD OFFICE
                                          Patrick V. McNamara Federal Building
                                          477 Michigan Ave, Room 865
                                          Detroit, Michigan 48226